## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **DAMON RICHARDS** | § | |
| **(Limestone County #27193509)** | § | |
| | § | |
| **V.** | § | **W-22-CA-026-ADA** |
| | § | |
| **DR. LAX, et al.** | § | |

## <u>ORDER</u>

Before the Court are Plaintiff's Complaint (#1), more definite statement (#6), and Defendants LaSalle Corrections and Dr. Laxminarayan (referred to as "Dr. Lax")'s Motion to Dismiss (#13).[1] Plaintiff did not respond to Defendants' motion. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

## STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Limestone County Detention Center. Plaintiff alleges that he is detained on federal charges and being held in Limestone County. Plaintiff claims that he has been deprived of adequate medical treatment and his medical conditions have not been

---

[1] Plaintiff also named Limestone County Detention Center and United States Marshals Service (USMS) as Defendants. The Court did not order service on these Defendants because, as explained below, Plaintiff's claims against them are dismissed pursuant to 28 U.S.C. § 1915(e).

properly diagnosed. He appears to assert that this unfair treatment is based, at least in part, on his religion.

Specifically, Plaintiff asserts that he has three broken toes, severe back pain, kidney problems, and that both of his knees are in pain and need to be replaced. Plaintiff indicates he is currently on crutches and has not received a proper medical evaluation. Plaintiff also claims that "a joke was made by Limestone Staff stating that 'maybe [your poor medical treatment] is because you're a non-white Muslim man.'" Plaintiff also alleges that he went to Temple Hospital where he should have been given insoles to assist with his walking, but that "Dr. Lax is germaphobic and will not physically evaluate me." Plaintiff alleges that he filed medical grievances and sent the warden a complaint. Plaintiff sues Dr. Lax, LaSalle Corrections, Limestone County Detention Center, and United States Marshals Service. Plaintiff seeks $100 million in damages.

After reviewing Plaintiff's complaint, Plaintiff was ordered to file a more definite statement specifying what acts Defendants did to violate his constitutional rights and to explain why his claims were not barred by law. Plaintiff provided more specific allegations. Plaintiff asserted that on August 16, 2021, he was suffering from arm and stomach pain and submitted a sick call to request medical care. He alleges he did not receive any response and then on August 23, 2021, he submitted another sick call for the same problems. He alleges the pain had increased and he was unable to sit down, lay down, or stand up. Plaintiff claims he requested assistance again on August 26, 2021, and a nurse came to check on him on August 27, 2021. Plaintiff alleges that the

2

nurse did not take x-rays or give Plaintiff any pain medication. Plaintiff claims that on September 1, 2021, medical staff prescribed antibiotics. Plaintiff also alleges that he requested to see Dr. Lax on September 17, 2021, regarding the pain in his back, but "no one aided me." On September 18, 2021, Plaintiff indicates his blood pressure was high and on September 21, 2021, he saw Dr. Lax but was given no medication for his blood pressure. Plaintiff indicates that "nothing I requested was done, no meds, no blood work." On December 28, 2021, Plaintiff indicates he was seen by Dr. Lax, but was not physically evaluated and Lax instead only threatened to take Plaintiff's crutches. Plaintiff contends that Lax "thinks that if he touches detainees then he will catch something" and therefore he is "violating his oath for health care." Plaintiff does indicate that, at the times he requested care, he was "taking ibuprofen and some other meds I don't know." Plaintiff indicates that he received additional medication "a month or three weeks later, for some of the problems" though he does not specify which ones.

Plaintiff claims Limestone County Detention Center is a "private entity" holding federal detainees. Plaintiff further contends that LaSalle Corrections is the "employer" of the medical staff and administrative staff of the Limestone County Detention Center. Plaintiff contends that his issues were "brought to the attention" of LaSalle Corrections Corporate, so they should be held liable. Plaintiff also contends that Limestone County Detention Center "should be liable for the neglect of Dr. Lax and his medical staff."

Plaintiff asserts that he sent complaints to USMS regarding his medical conditions, but that the complaints were ignored. Plaintiff contends that USMS is responsible for the neglect and denial of medical attention because Plaintiff is being

3

held under their custody. Plaintiff also includes a letter that appears to be directed to USMS from January 18, 2022. The letter complains that officers are not being tested for Covid. The letter also indicates that detainees are not receiving hot meals or cold water and are being denied access to the law library. The letter is purportedly signed by several pretrial detainees. It is unclear to whom the letter was sent or if it was ever received.

DISCUSSION AND ANALYSIS

A.    Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a case for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* at 570.

The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id.* First, although "a court must accept as true all of the allegations contained in a complaint," that "tenet is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678-79. Second, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged-but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). Despite this, courts remain obligated to construe a pro se complaint liberally. *See Erickson v. Pardus*, 551 U.S. 89 (2007) (reiterating long-standing rule that documents filed pro se are to be construed liberally).

B.     Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant

who is immune from suit. A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer. *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

C.    Claims Against Limestone County Detention Center

Limestone County Detention Center is not a legal entity capable of being sued. *See Guidry v. Jefferson County Detention Center*, 868 F. Supp. 189, 191 (E.D. Tex. 1994) (holding that the Jefferson County Detention Center is not a legal entity subject to suit). Therefore, Plaintiff's claims against Limestone County Detention Center are dismissed.

D.    Claims Against Limestone County

To the extent Plaintiff seeks instead to bring claims against Limestone County those claims are likewise dismissed. A political subdivision cannot be held responsible for a deprivation of a constitutional right merely because it employs a tortfeasor; in other words, a local government unit cannot be held responsible for civil rights violations under the theory of respondeat superior. *Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992). The standard for holding a local government unit responsible under

§ 1983 requires that there be a custom or policy that caused the plaintiff to be subjected to the deprivation of a constitutional right. *Id. Collins v. City of Harker Heights, Tex.*, 916 F.2d 284, 286 (5th Cir. 1990). Thus, Limestone County would violate an individual's rights only through implementation of a formally declared policy, such as direct orders or promulgations, or through informal acceptance of a course of action by its employees based upon custom or usage. *Bennett v. City of Slidell*, 728 F.2d 762, 768 (5th Cir. 1984). Plaintiff fails to plead any facts supporting an allegation that he was deprived of any constitutional right whatsoever, much less any custom or policy of Limestone County that deprived him of a constitutional right. Accordingly, any claims against Limestone County are dismissed.

E.    Claims Against USMS

Plaintiff also appears to allege a violation of his civil rights by USMS, a federal agency. Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit. *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Sovereign immunity is jurisdictional in nature, and therefore, absent waiver of sovereign immunity, this Court lacks jurisdiction over Plaintiff's claims against the USMS, a federal agency. *See id.* A waiver of sovereign immunity "'cannot be implied but must be unequivocally expressed.'" *United States v. Testan*, 424 U.S. 392, 399 (1976) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)). The plaintiff bears the burden of showing unequivocal waiver of sovereign immunity. *St. Tammany Parish, ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Plaintiff has not alleged, and the Court is not aware, that the USMS has waived its right to sovereign immunity by means of statute or other method. Thus, with regard to Plaintiff's claims against the USMS, the Court finds they are barred by the doctrine of sovereign immunity and thus dismissed. *See Meyer*, 510 U.S. at 475; *see also Sheid v. United States Marshal Serv.*, No. 08-CV-3295, 2009 U.S. Dist. LEXIS 51406, 2009 WL 1750379, at *7 (S.D. Tex. June 17, 2009) (holding USMS protected by sovereign immunity), *aff'd*, 379 F. App'x 345 (5th Cir. 1999), *cert denied*, 562 U.S. 1223 (2011).

F.    Claims Against LaSalle and Dr. Lax

Section 1983 applies only to civil rights claims against state actors; it does not apply when civil rights claims are brought against federal actors. *Izen v. Catalina*, 398 F.3d 363, 367 n.3 (5th Cir.), *reh'g and reh'g en banc denied*, 130 Fed. Appx. 705 (5th Cir. 2005). It is "the custody status of the detainee [that] dictates the status of the detention facility and its employees." *Webb v. McQuade*, No. EP:21-CV-00254-DCG-ATB, 2022 WL 136464, at *3 (W.D. Tex. Jan. 14, 2022). Plaintiff is a pretrial, federal prisoner. Thus, Plaintiff's claims against LaSalle and Dr. Lax are not claims under section 1983, but instead are claims brought pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). As described by the Supreme Court, a *Bivens* action is the "federal analog to suits brought against state officials under" section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).

In *Bivens*, the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). As

the Fifth Circuit reiterated in *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020), *Bivens* claims are generally limited to three areas: (1) manacling a plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discrimination based on the basis of sex by a Congressman against a staff member in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228, 248-49 (1979); and (3) failure to provide medical attention to an asthmatic federal inmate in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14, 18, (1980). Virtually any other *Bivens* allegation is considered "'new context.'" *Id.* (quoting *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017)). The Supreme Court has admonished lower courts that expansion of the *Bivens* cause of action has "become 'a disfavored judicial activity.'" *Hernandez v. Mesa*, 140 S. Ct. 735, 742 (2020) (quoting *Abbasi*, 137 S. Ct. at 1857).

As for Plaintiff's claims against LaSalle, the Supreme Court has made clear that *Bivens* should not be extended to private prison facilities. *See Correctional Servs. Corp. v. Malesko,* 534 U.S. 61, 71 (2001) (citing *FDIC v. Meyer*, 510 U.S. 471, 485 (1994)); *see also Webb*, 2022 WL 136464, at *4 ("private entities acting under color of federal law may not be held liable under Bivens" (citing *Malesko*, 534 U.S. at 66)). To impose "liability costs on private prison facilities alone is a question for Congress, not us, to decide." *Malesko*, 534 U.S. at 72.

To the extent Plaintiff is asserting LaSalle is vicariously liable for the actions of their employees those claims are dismissed. Supervisory officials cannot be held

vicariously liable in § 1983 cases solely on the basis of their employer-employee relationship. *Monell v. Department of Social Services*, 436 U.S. 658, 693 (1978); *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983). If a supervisor is not personally involved in the alleged constitutional deprivation, he may be held liable only if there is a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violations. *Thompkins v. Belt*, 828 F.2d 298, 303-04 (5th Cir. 1987). In order to demonstrate a causal connection, the supervisor would have to "implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Id.* at 304. Plaintiff identifies no such policies whatsoever. Plaintiff alleges that he did not receive proper medical care based on his race or religion. No plausible facts support the racial and religious allegations other than a purported "joke" by unnamed jail staff that Plaintiff was a non-white Muslim. These cursory allegations fail to state a claim on their face. *See Iqbal*, 556 U.S. at 678. Plaintiff also makes wholly conclusory claims that some inmates have been denied access to the law library, received cold food and warm water, and that Muslims need "fresh water." These allegations are only listed in the letters Plaintiff attached to his more definite statement. To the extent he can even be said to have brought these claims in this suit, they are wholly conclusory and fail to state a claim.

As for Plaintiff's claims against Dr. Lax, those claims are likewise barred pursuant to *Bivens*. A federal detainee cannot bring a *Bivens* claim against employees of a private prison operator. *Minneci v. Pollard*, 565 U.S. 118, 125 (2012). There, the prisoner's constitutional "claim focuse[d] upon a kind of conduct that typically falls within the

scope of traditional state tort law." *Id*. For a private defendant, "state tort law provides an 'alternative, existing process' capable of protecting the constitutional interests at stake." *Id*. (quoting *Wilkie v. Robbins*, 551 U.S. 537, 550 (2007) (no Bivens action can be implied where "alternative, existing" processes provide adequate protection)).

Even if Plaintiff could proceed with his claims against Lax, he has failed to plead any sufficient allegation of deliberate indifference. Claims of inadvertent failure to provide medical care or negligent diagnosis are insufficient to state a claim of inadequate medical care. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). Similarly, unsuccessful medical treatment or disagreement between an inmate and his doctor concerning the manner of treatment does not give rise to a cause of action. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995); *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991). In short, a claim of medical malpractice does not amount to a constitutional violation merely because the plaintiff is a prisoner. *Id.* at 106. Plaintiff admits that he received some medical care for his assorted ailments, though it was not as prompt or thorough as he wished. He also fails to explain what effect any alleged delay in medical care had on him. Without sufficient details, Plaintiff's claims fail to show that Dr. Lax was aware of and disregarded an excessive risk to Plaintiff's health. At most, Plaintiff has established a claim of negligence or a disagreement with medical treatment which does not amount to a constitutional violation.

CONCLUSION

It is therefore **ORDERED** that Defendants LaSalle Corrections and Dr. Laxminarayan's Motion to Dismiss (#13) is **GRANTED**.

11

It is further **ORDERED** that the remainder of Plaintiff's claims are dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e).

**SIGNED** on September 23, 2022

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE